JOSEPH VALLIERE *vs.* MUTUAL REALTY CO., INC.

APRIL 30, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of the case brought under the provisions of the federal Housing and Rent Act of 1947, as amended, to recover from defendant treble damages and also a reasonable attorney's fee, because of an alleged

willful overcharge of rent by defendant as landlord in violation of the pertinent federal acts and regulations then in effect. In the superior court a justice thereof sitting without a jury rendered a decision in plaintiff's favor for $438 and defendant duly prosecuted its bill of exceptions to this court. It relies solely on the exception to such decision.

At the trial plaintiff introduced certain exhibits and presented as witnesses his wife, himself, the attorney for the Providence area rent office, and a young woman officer of the defendant corporation. Such officer also testified for defendant and stated its position to the trial justice. The record shows that defendant was not represented at the trial by an attorney, but that the parties were heard at considerable length and the defendant's rights were duly preserved.

It appears from the evidence that plaintiff rented from defendant, which had fifty-four apartments, a two-room apartment at 336 Pine street in the city of Providence, which at that time was in a defense rental area. Apparently the apartment was to be furnished by defendant which also was to pay the charges for gas and electricity. The plaintiff and his wife began to occupy the apartment January 2, 1949 and the agreed rent was $10 per week. That rental was paid to about September 21, 1949 when a discussion as to the rent took place between the parties, plaintiff having filed a complaint against defendant at the area rent office. However, they adjusted their difficulty, the complaint was withdrawn, and defendant charged plaintiff no rent for a period of about six weeks from approximately September 21 to October 26, 1949, thus giving him a credit of $54. Thereafter from October 26, 1949 to March 8, 1950 plaintiff paid a rental of $9 per week. From the date last mentioned to June 12, 1950, when plaintiff vacated the apartment, he paid $7.50 a week and he makes no claim covering the last-named period.

In substance it is plaintiff's contention that, based on the

legally-established rent, while he was paying defendant a rental of $10 a week for forty weeks he was being overcharged at the rate of $3.50 a week amounting to $140, and that while he was thereafter paying rent of $9 a week he was similarly overcharged $2.50 a week for twenty weeks amounting to $50. On the other hand, defendant argues that at most plaintiff is entitled to $61.50 as treble damages based on its computation of possible overcharges.

We deem it unnecessary to review the evidence in detail. It is clear that at no time during the tenancy of plaintiff was the legally-established rent for the apartment in question as high as either $9 or $10 a week. A serious difficulty in determining how much plaintiff was overcharged arises from the fact that the rent was legally established at different times in varying amounts between $8 and $6.50 a week, and that certain of these reductions were retroactive for a considerable period. Furthermore the evidence indicates that some of the gas and electric charges were paid by plaintiff, although that matter was to some extent adjusted by the parties themselves.

After consideration the trial justice concluded that plaintiff had been overcharged $96 during his tenancy and that treble damages would amount to $288 to which he added an attorney's fee of $150, making a total of $438. In reaching his decision the trial justice took into consideration the credit of $54 which the parties agreed to in 1949. In our opinion that adjustment did not amount to a complete settlement and release of all rent accounts between them up to October 26, 1949 as defendant urges. The evidence shows that the action of the parties at the time of the above-mentioned agreement was based on certain representations of defendant and on a rent of $9 a week which was still not the legally-established rate. The trial justice also found that defendant's action in overcharging plaintiff had been willful. It knew that the allowable rent was not $9 or $10, but those amounts were deliberately charged

apparently in anticipation that defendant would get an upward adjustment of the rent. The evidence fully supported that finding.

We have examined the exhibits and the somewhat confused evidence as it appears in the transcript. The trial justice had the advantage of seeing and hearing the witnesses testify which we do not have. It is our opinion that his decision is not clearly wrong and in the circumstances does substantial justice between the parties.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Arthur N. Votolato, Leo T. Connors,* for plaintiff.
*Francis Castrovillari,* for defendant.